**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

| | |
|---|---|
| **MICHAEL HAGA,** | **PETITIONER** |
| **V.** | **NO. 2:04CV328-M-B** |
| **DESOTO COUNTY, MISSISSIPPI, ET AL,** | **RESPONDENTS** |

**O P I N I O N**

This cause comes before the court on the petition of Michael Haga for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Circuit Court of Desoto County, in accordance with his plea of guilty, on December 12, 2003, of the offense of fondling. He was sentenced to 15 years in the custody of the Mississippi Department of Corrections. He contends that his guilty plea was not voluntary and that he was wrongfully taken from the State of Tennessee by Mississippi authorities.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner*, 404 U.S. 270 (1971); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle*, 677 F.2d 427, 443-44 (5th Cir. 1982)).

There is no direct appeal from a guilty plea under Mississippi law. *See* Miss. Code Ann. § 99-35-101.[1] While state habeas corpus procedures are no longer available to collaterally attack a state court conviction, *Miss. Code Ann.* § 11-43-3, a petitioner may use the state habeas corpus statutes to challenge other alleged illegal confinement, detention, or deprivation of liberty. *Miss. Code Ann.* §§ 11-43-1 and 11-43-9. Specifically, *Miss. Code Ann.* § 99-39-5(1)(f) provides for relief based upon a claim that a prisoner's plea was made involuntarily. Petitioner has not filed such a petition in the Circuit Court of DeSoto County. Petitioner must now do so and, if he is unsuccessful at the Circuit Court level, must appeal the denial of relief through the state court system. *See, Miss. Code Ann.* §§ 11-43-7 and 11-43-9. Until then, he has clearly not "present[ed] his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits," *Picard, supra*, and this petition must be dismissed for failure to exhaust available state court remedies.

A final judgment in accordance with this opinion will be entered.

THIS the 26th day of September, 2005.

                                                  **/s/ Michael P. Mills**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[1] The Mississippi State Court allows one exception to the statutory prohibition to direct appeals from guilty pleas: an appeal from a guilty plea within 30 days may be taken when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977). Petitioner did not file such an appeal.